United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

APL CO. PTE. LTD.,

        Plaintiff(s),

 vs.

VALLEY FORGE INSURANCE COMPANY,

        Defendant(s).
                                            /

No. C-09-5641 MHP

**ORDER RE FURTHER MOTIONS AND ORDER TO SHOW CAUSE**

       Defendant Valley Forge Insurance Company ("Valley Forge") has filed a second motion for summary judgment. Plaintiff APL Co. PTE. Ltd. ("APL) opposes the filing of the motion arguing that, at the least, defendant must seek leave and, in any event, if the motion is permitted, APL is entitled to discovery before filing its opposition on the merits. On September 16, 2010, this court issued an order granting in part and denying in part the cross-motions for summary judgment. Defendant had moved for summary judgment or, in the alternative, partial summary judgment. The court's order did not deal with the matters as a partial summary judgment, but rather granted in part and denied in part summary judgment. That order resolved all the issues brought before the court on the motions and resolved the action. Thereafter, on January 31, 2011, this court issued an order awarding attorneys' fees and costs in the underlying action, C-07-0646 MHP Dkt #233.

       Now after several years of litigation and appeals in the underlying action and over a year in this action litigating several motions, defendant seeks to resume discovery and initiate further summary judgment motions. A review of the docket in this and the underlying action reveal a history of litigation abuse. Focusing on the instant action, defendant filed its answer enumerating thirty-eight affirmative defenses, most of which are typical boilerplate and many having nothing to do with this case. Federal Rule of Civil Procedure 8 (b) provides that: "In responding to a pleading a party must:

1  (A) state in short and plain terms its defenses to each claim asserted against it...."

2       While a defendant is entitled to and should allege any and all matters in "avoidance" or as
3  "affirmative defenses", these must have some bearing on the claims alleged; they are not to be a
4  laundry list of every possible defense or avoidance that a defendant may have to *any* action
5  whatsoever. It is not the plaintiff's responsibility to figure out from these many defenses which one
6  the defendant may choose to use to launch its assault on plaintiff's case.

7       Furthermore, defendant is obligated under Federal Rule of Procedure 26 (a)(1)(A) to provide
8  initial disclosures including evidence that it "may use to support its claims and defenses". Rule
9  26(a)(1)(A)(ii). According to plaintiff's submission filed February 21, 2011, no such disclosures
10 have been made. If that is the case, either defendant has failed to timely produce the disclosures
11 "reasonably available to it" as required by subparagraph (E) or it has asserted defenses for which it
12 had no basis in violation of Rule 11(b). Sanctions may be justified in either case.

13      Furthermore, Federal Rule of Civil Procedure 16 sets forth the expectations of a pretrial
14 conference, or what is referred to under the Civil Local Rules of this district as a Case Management
15 Conference ("CMC"). Civil L.R. 16-2. Among the purposes of the Conference are expediting the
16 proceedings, preventing protraction of them, "discouraging wasteful pretrial activities", etc. *See* Rule
17 16(a). Clearly the scheduling of motions is pretrial activity coming within these provisions. In this
18 case at least two such Conferences were conducted as well as two sets of motions heard. The Joint
19 Pretrial Conference Statements submitted on March 12, 1010 and April, 26 2010, list only three legal
20 issues. Those have been disposed of by the summary judgment orders issued in this case. It was not
21 until the order of September 16, 2010 was filed that the issues defendant now seeks to address came
22 to the court's attention. That was four months later when defendants requested a further case
23 management conference to address " [o]ther defenses which may bar coverage for APL's
24 claim...[and] which Valley Forge has not yet had the opportunity to address...." Dkt. #52 at 5, filed
25 Jan. 24, 2011. On the contrary, there was ample opportunity; defendant just chose not to take it.

26      The rationale given is that these new defenses, admittedly asserted among the thirty-eight
27 other affirmative defenses, do not involve the application of the language of the insurance policy.

28

2

1  It is disingenuous to argue that they do not involve policy language for surely the policy contains
2  language regarding concealment and misrepresentation and its consequences as well as breach of the
3  policy's cooperation clause.  The notion that the parties and the court will not have to look to the
4  policy is specious.  Rather this effort comes on the heels of an unfavorable decision in the earlier
5  summary judgment order.  As a result of holding back on these issues, other complicated issues with
6  respect to judicial estoppel, waiver and attorneys' fees were delved into by the parties and the court.
7  This may have been unnecessary.  But, rather than leave it to an open, full and useful discussion of
8  the direction of the case at the CMCs, defendant decided to withhold its intentions and play its own
9  game.

10         The result of this game is piecemeal litigation in which the opposing litigant and the court
11 inefficiently expend valuable time and resources.  In fact, litigation is not a game. To paraphrase the
12 words of the Supreme Court in dealing with piecemeal appeals, piecemeal motions increase "the
13 ability of litigants to harass opponents and to clog the courts through a succession of costly and time-
14 consuming" motions. *Flanagan v. United States*, 465 U.S. 259, 263-64 (1984).  The practice of filing
15 *ad seriatim* motions also bypasses the page limits set by the Civil Local Rules.   "It is crucial to the
16 efficient administration of justice" that the court limit this practice.  *Id*. Defendant had an opportunity
17 to bring its motion for summary judgment on all its defenses including affirmative defenses.  It not
18 only failed to do so, but failed to disclose its intentions.  Therefore, the court strikes the notice of
19 motion and motion for summary judgment filed by defendant and ORDERS THE DEFENDANT TO
20 SHOW CAUSE WHY LEAVE SHOULD BE GRANTED FOR THE FILING OF ANY FURTHER
21 MOTIONS.  Counsel shall file a declaration within ten (10) days of the date of this order if it intends
22 to pursue any further motion explaining why leave should be granted.  Plaintiff's counsel may
23 respond within ten (10 days) of the filing of defendant's declaration.
24         IT IS SO ORDERED.

26 Date: February 24, 2011

                                                          _____
27                                                        MARILYN HALL PATEL
                                                          United States District Court Judge
                                                          Northern District of California